Rego Park Ventures, LLC v Shany (2022 NY Slip Op 50052(U))

[*1]

Rego Park Ventures, LLC v Shany

2022 NY Slip Op 50052(U) [74 Misc 3d 127(A)]

Decided on January 21, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 21, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-503 Q C

Rego Park Ventures, LLC, Respondent,
against
Solomon Shany, Also Known as Solomon Shaney, Appellant, Tatiana
Shany, Also Known as Tatiana Shaney, John Doe and Jane Doe, Undertenants.

Solomon Shany, appellant pro se.
Kucker, Marino, Winiarsky & Bittens, LLP (Nicholas Yokos of counsel), for respondent (no
brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Sergio
Jimenez, J.), dated February 28, 2020. The order, insofar as appealed from and as limited by the
brief, granted the branch of landlord's motion, in a holdover summary proceeding, seeking
summary judgment dismissing a counterclaim which sought to recover for breach of a stipulation
entered into in a prior proceeding.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
Landlord commenced this holdover proceeding to recover possession of a rent- stabilized
apartment on the ground that tenant had created and was continuing to create a nuisance by
installing cameras in the hallways surrounding the subject premises. Tenant answered, admitting
that he had installed the cameras but explaining that they were needed to accommodate his own
disabilities. Tenant interposed counterclaims for harassment, discrimination, retaliation, breach
of the warranty of habitability, and landlord's alleged breach of a stipulation which was dated
June 22, 2017 and entered into by the parties in a prior unrelated proceeding. Landlord moved
[*2]for, among other things, summary judgment on the petition
and to dismiss tenant's counterclaims. By order dated February 28, 2020, the Civil Court, upon
denying the branch of landlord's motion seeking summary judgment on the petition, found, for all
purposes in this proceeding (see RPAPL 409 [b]; CPLR 3212 [g]), that landlord owns the
subject premises, that the premises were properly registered and that tenant installed the cameras.
The court further granted the branch of landlord's motion seeking summary judgment dismissing
tenant's counterclaim relating to landlord's alleged breach of the June 22, 2017 stipulation but
denied the branches of landlord's motion seeking summary judgment dismissing the remaining
counterclaims. Tenant appeals, as limited by his brief, from so much of the order as granted the
branch of landlord's motion seeking summary judgment dismissing tenant's counterclaim based
on an alleged breach of the stipulation.
Upon a review of the record, we find that the Civil Court properly dismissed tenant's
counterclaim based on an alleged breach of the June 22, 2017 stipulation as the stipulation was
executed in an unrelated prior proceeding and expressly provides that any allegation of breach
should be addressed in that proceeding.
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 21, 2022